# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>DAVID TAYLOR,<br><br>*Defendant(s)* | Case No.<br>1:21-mj-0162 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **February 5, 2021** in the county of **Marion** in the **Southern** District of **Indiana**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine |
| Count 2: 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Prohibited Person |
| Count 3: 18 U.S.C. § 922(g)(9) | Possession of a Firearm by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence |
| Count 4: 18 U.S.C. § 924(c)(1)(A) | Carrying a Firearm During and In Relation to a Drug Trafficking Crime |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Ryan VanOeveren*
*Complainant's signature*

Ryan VanOeveren, Task Force Officer, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by **telephone** (*reliable electronic means*)

Date: 2/22/2021

*Paul R. Cherry*
*Judge's signature*

City and state: Indianapolis, IN

Paul R. Cherry, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

Your Affiant, Ryan VanOeveren, being duly sworn, does depose and state:

**Affiant Background and Purpose of Affidavit**

1. I am a Detective with the Indianapolis Metropolitan Police Department (IMPD) and have been employed by IMPD and its predecessor organization, the Indianapolis Police Department, as a sworn law enforcement officer since 2000.  I am also a Task Force Officer (TFO) with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of Justice, and I have been so employed since 2017.  In connection with my official ATF duties, I investigate criminal violations of federal laws, including, but not limited to, firearms and violent crime offenses in violation of Title 18, United States Code, Sections 922(g), 924(c), 1951, and 2119.  In addition to my IMPD and ATF experience, I was previously assigned as a TFO with the Federal Bureau of Investigation (FBI) Safe Streets Task Force in Indianapolis for approximately four years between 2009 and 2013.

2. I have testified in judicial proceedings and prosecutions for violations of firearms laws and narcotics violations.  I have also been involved in various types of surveillance and in the debriefing of defendants, witnesses, informants, and others who have knowledge of the use of firearms in conjunction with other criminal activities, including violent crimes and the distribution of controlled substances.

3. The information set forth in this Affidavit is based upon my participation in this investigation, review of law enforcement reports, discussions with other law enforcement officers involved in the investigation, and my experience and training.  This Affidavit does not set forth every fact your Affiant has learned during this investigation, but rather is provided solely for establishing probable cause in support of the application for a Complaint in this matter.  The

information contained in the following paragraphs is either personally known to your Affiant or was told to your Affiant by other law enforcement officers.

4. This Affidavit is submitted in support of a Criminal Complaint charging David TAYLOR (date of birth XX/XX/1975) and Social Security Number XXX-XX-7428) with possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). Additionally, this Criminal Complaint supports charging TAYLOR with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), with Possession of a Firearm by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence, in violation of Title 18, United States Code, Section 922(g)(9), and with Carrying a Firearm During and In Relation to a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A). The information contained in the following paragraphs is either personally known to your Affiant or was told to your Affiant by other law enforcement officers.

**Facts and Circumstances Supporting Probable Cause**

5. On Friday, February 5, 2021, plain clothes detectives with the Indianapolis Metropolitan Police Department (IMPD) were conducting surveillance at the Loves Truck Stop located at 1875 Campbells Crossing, Tipton, Indiana. IMPD Detective R. Gootee and assisting detectives had previously received a tip from the Fort Wayne Police Department that an individual named David TAYLOR would be delivering methamphetamine to an unknown location in the Indianapolis area and he would be driving a gray Nissan Altima bearing Illinois license plate FP88836.

6. At approximately 9:08 pm, IMPD Detective R. Gootee and assisting detectives observed the above-mentioned gray Nissan Altima arrive at the Loves Truck Stop. David TAYLOR got

out of the driver's seat of car, went inside the truck stop for several minutes, and then returned to the same vehicle. TAYLOR then drove onto US 31 heading south towards Indianapolis.

7. IMPD Detectives followed TAYLOR south on US 31 and observed several lane violations as he continued onto North Keystone Avenue into Marion County, Indiana. IMPD Detectives were also aware that TAYLOR's driver's license was suspended.

8. Uniformed IMPD officers M. Farnsley initiated a traffic stop on the gray Nissan Altima on East 79th Street and Somerset Bay. Officers approached the vehicle and identified the driver as TAYLOR. Officer M. Farnsley immediately observed what appeared to be a firearm resting on TAYLOR's lap. Officer Farnsley retrieved the firearm and placed it on the roof of the vehicle and removed TAYLOR from the vehicle and handcuffed him. A female passenger was also removed from the vehicle and detained.

9. IMPD K9 Officer K. Hartman and his partner K9 Jada conducted an open-air sniff of the exterior of TAYLOR's car. K9 Jada, who is a certified Narcotics Detection canine, made a positive indication for the presence of illegal narcotics in the car. Officers searched the car and recovered approximately 12 ounces of a glass-like substance suspected to be methamphetamine from the center console of the car. The suspected methamphetamine was packaged in three clear plastic bags. Officers also recovered 4 grams of marijuana in a plastic container in the center console and approximately 2 grams of suspected methamphetamine from the female passenger's purse. The female passenger stated the methamphetamine in her purse was for personal use.

10. TAYLOR and the passenger were placed under arrest and transported to IMPD North District police station. During a post-*Miranda* interview, TAYLOR admitted to being in possession of

the Taurus Spectrum .380 firearm, though he stated he had just found the gun in the car and that it did not belong to him. TAYLOR acknowledged that he is prohibited from possessing a firearm because he is a convicted felon. TAYLOR also stated that he had travelled from South Bend to Indianapolis to deliver methamphetamine to a residence. TAYLOR stated he had purchased the methamphetamine in the car for $3,500 and that he would be paid $500 for delivering it to Indianapolis. TAYLOR stated he had made approximately ten similar trips previously to deliver methamphetamine. TAYLOR stated that his female passenger had nothing to do with this delivery arrangement or with the firearm.

11. All the evidence was photographed, recovered, and transported to the IMPD property room.

12. A criminal history check revealed that TAYLOR has sustained the following convictions for a crime punishable by more than one (1) year of imprisonment, that is;

   a. Arson as a Level D felony in Elkhart County (Indiana) under cause number 02D06-1207-FB-113, on or about October 12, 2012; and/or

   b. Operating a Vehicle While Intoxicated Endangering a Person as a Level D felony in St. Joseph County (Indiana) under cause number 71D08-1201-FD-00079, on or about December 13, 2012.

13. TAYLOR has also sustained the following convictions for misdemeanor crimes of domestic violence:

   a. Domestic Violence as Misdemeanor in Berrien County 5th District Court (Michigan) under cause number 2019015753, on or about February 4, 2020; and/or,

   b. Domestic Battery as a Level A Misdemeanor in Elkhart County (Indiana) under cause number 20D01-1004-FD-000079, on or about October 24, 2013; and/or

    c. Domestic Battery as a 1st degree Misdemeanor in Lee County (Florida) under cause number 362005MM022422000ACH, on or about May 31, 2005.

14. The firearm was determined to be a black Taurus Spectrum .380 caliber semiautomatic handgun bearing serial number 1F125756. It was loaded. The firearm was not manufactured in the state of Indiana. By virtue of its presence in the State of Indiana, therefore, the firearm had to have been transported or shipped in interstate or foreign commerce.

15. The Marion County Forensic Laboratory examined the suspected methamphetamine recovered from TAYLOR's car and confirmed that the substance did contain methamphetamine and weighed a total of 332.54 grams.

16. All of the above-described events occurred in the Southern District of Indiana, Indianapolis Division.

**Conclusion**

17. Your Affiant submits that, based on the facts set forth in this Affidavit, probable cause exists that on February 5, 2021, in the Southern District of Indiana, David TAYLOR, did knowingly possess with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and b)(1)(B), and, having knowingly been convicted of a crime punishable by imprisonment for a term exceeding one year and having knowingly been convicted of a misdemeanor crime of domestic violence, possessed a firearm in violation of Title 18, United States Code, Section 922(g)(1)

and (g)(9), and did carry a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). Accordingly, your Affiant requests this Court issue a Criminal Complaint charging TAYLOR with these crimes, along with a warrant for his arrest.

                                                          /s/ Ryan VanOeveren
                                                       Ryan VanOeveren, Task Force Officer
                                                       Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of Federal Rules of Criminal Procedure 4.1 and 41(d)(3) by reliable electronic means.

Dated: 2/22/2021

                                                     Paul R. Cherry
                                                     Paul R. Cherry
                                                     United States Magistrate Judge
                                                     Southern District of Indiana