UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 16 2021
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) CAUSE NO.
)
DAVID TAYLOR, )
) 1:21-cr-0090 JMS -MJD
    Defendant. )

## INDICTMENT

The Grand Jury charges that:

COUNT 1
21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)
Possession with Intent to Distribute Controlled Substances

On or about February 5, 2021, within the Southern District of Indiana, DAVID TAYLOR, the defendant herein, did knowingly possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii).

COUNT 2
18 U.S.C. § 922(g)(1)
Possession of a Firearm by a Convicted Felon

On or about February 5, 2021, within the Southern District of Indiana, DAVID TAYLOR, the defendant herein, did knowingly possess in commerce and affecting commerce a firearm, to wit: a Taurus Spectrum .380 semiautomatic handgun, after having been knowingly

1

convicted of a crime punishable by a term of imprisonment exceeding one (1) year, to wit:

Intimidation as a Level 6 Felony in Allen County (Indiana) under cause number 02D06-1512-F5-000362 on or about March 31, 2016; and/or,

Arson as a Level D felony in Elkhart County (Indiana) under cause number 02D06-1207-FB-113, on or about October 12, 2012; and/or,

Operating a Vehicle While Intoxicated Endangering a Person as a Level D felony in St. Joseph County (Indiana) under cause number 71D08-1201-FD-00079, on or about December 13, 2012,

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 3
18 U.S.C. § 922(g)(9)
Possession of a Firearm by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence

On or about February 5, 2021, within the Southern District of Indiana, DAVID TAYLOR, the defendant herein, did knowingly possess in commerce and affecting commerce a firearm, to wit: a Taurus Spectrum .380 semiautomatic handgun, after having been knowingly convicted of a misdemeanor crime of domestic violence, to wit:

Domestic Violence as Misdemeanor in Berrien County 5th District Court (Michigan) under cause number 2019015753, on or about February 4, 2020; and/or,

Domestic Battery as a Level A Misdemeanor in Elkhart County (Indiana) under cause number 20D01-1004-FD-000079, on or about October 24, 2013; and/or,

Domestic Battery as a 1st degree Misdemeanor in Lee County (Florida) under cause number 362005MM022422000ACH, on or about May 31, 2005,

In violation of Title 18, United States Code, Section 922(g)(9).

## COUNT 4
## 18 U.S.C. § 924(c)(1)(A)
## Carrying a Firearm During and in Relation to a Drug Trafficking Crime

On or about February 5, 2021, within the Southern District of Indiana, DAVID TAYLOR, the defendant herein, did knowingly carry a firearm, to wit, a Taurus Spectrum .380 semiautomatic handgun, during and in relation to a drug trafficking crime,

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE

1. The allegations in Counts 1 through 4 of this indictment are realleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

2. If convicted of the offenses set forth in Count 1, DAVID TAYLOR, the defendant herein, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offenses of which he is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he is convicted. Pursuant to Title 21, United States Code, Section 853 and Rule 32.2(e) of the Federal Rules of Criminal Procedure, such property includes any property constituting proceeds of the offenses of conviction that has

not yet been located and identified by the United States.

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in paragraph 2, if, by any act or omission of the defendant, the property described in paragraph 2, or any portion thereof:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of all forfeitable property as described above in Paragraph 2.

4. If convicted of any of the offenses set forth in Counts 2 through 4, DAVID TAYLOR, the defendant herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm, ammunition or magazine involved in or used in any of the offenses of which he is convicted including but not limited to:

- a. One a Taurus Spectrum .380 semiautomatic handgun bearing serial number 1F125756; and,

- b. Any ammunition associated with the offense.

5.   In addition, the United States may seek civil forfeiture of the property described above in paragraph 4 pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

JOHN E. CHILDRESS
Acting United States Attorney

By: _____
Kelsey L. Massa
Assistant United States Attorney