**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | 1:21-cr-00090-JMS-MJD |
| | ) | |
| DAVID TAYLOR, | ) | |
| | ) | |
| *Defendant*. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

David Taylor is a 48-year-old man who will be sentenced pursuant to a statutory range of 10 years to life and a likely official guideline range of 210 to 262 months in prison.

At the time of his arrest, David Taylor was smoking and snorting at least one-half ounce of methamphetamine daily. He was abusing alcohol and opiates to modulate the effects of his near constant methamphetamine use. His history of substance abuse extends back to a horrific childhood riddled with severe trauma, neglect, and abuse.

David Taylor's offense conduct was born of his methamphetamine addiction and the company he kept with other methamphetamine users and user/dealers. David wasn't exactly a methamphetamine dealer himself. Meth was never fronted to him for resale. He never purchased it for resale with his own money. (Any meth he bought with his own money was for his own consumption.) He was merely an addict who, for $500 in cash and some meth for himself, was willing to drive to South Bend with money provided by his retail dealer to purchase meth from a wholesale supplier for cash on the barrel and drive it back to his retail dealer. In other words, David was a meth addict trusted with the

task of driving to South Bend to get meth for his own dealer.

Considering David Taylor's role as an addict used by a dealer to assume certain risks in exchange for a minimal portion of the proceeds, the pure methamphetamine guideline overstates the severity of his conduct in this case. The defense contends that the range predicted by the methamphetamine mixture guideline more accurately reflects his culpability. See, *United States v. Nawanna*, 321 F. Supp. 3d 943 (N.D. Iowa 2018), *United States v. Bean*, 371 F. Supp. 3d 46 (N.D. New Hampshire 2019), *United States v. Saldana*, 2018 U.S. Dist. LEXIS 110790 (W.D. Mich. 2018), *United States v. Ferguson*, 2018 U.S. Dist. LEXIS 129802 (D. Minn. Aug. 2, 2018), *United States v. Harry*, 313 F. Supp. 3d 969 (N.D. Iowa 2018), *United States v. Pereda*, 2019 U.S. Dist. LEXIS 19183 (D. Colo. 2019), *United States v. Johnson*, 379 F. Supp. 3d 1213 (M.D. Ala. 2019).

The methamphetamine seized, treated as a mixture, corresponds to base offense level 26. David Taylor's final offense level would be 25. In criminal history category VI, he would face a guideline range of 110 to 137 months. However, the Court may wish to consider the adopted amendment to USSG §4A1.1, effective November 01, 2023. The proposed amendment would allow for only a 1-point enhancement if the defendant is under a supervision sentence and receives 7 or more criminal history points under subsections 4A1.1(a) through (d). Under the proposed amendment, David Taylor would have 12 rather than 13 criminal history points and his meth-mixture guideline range would be 110 to 125 months subject to the statutory minimum of 120 months.

David Taylor endured an unbearable childhood and has existed in various phases of addiction his entire adult life. He is nearly 50 years old and needs drug treatment,

mental health treatment, supervision, and guidance. The sentence recommended by the government is excessive. A sentence of 10 years will likely occupy more than half of his remaining years on this earth, and very likely his best remaining years in terms of his physical health. Such a sentence would surely reflect the seriousness of the offense, afford a just punishment, provide adequate deterrence, and protect the public from future crimes by Mr. Taylor by providing him with the correctional treatment he needs both while in prison and while on supervised release.

Respectfully submitted,

_s/ Harold Samuel Ansell_
Harold Samuel Ansell
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
317-383-3520

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_s/ Harold Samuel Ansell_
Harold Samuel Ansell