Case 1:21-cr-00090-JMS-MJD   Document 154   Filed 09/11/24   Page 1 of 4 PageID #: 719

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>DAVID TAYLOR<br><br>Date of Original Judgment: _____<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>) Case No: 1:21-cr-00090-JMS-MJD-01<br>) USM No: 32436-509<br>)<br>) Harold Samuel Answell (prior)<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/11/2024

*Judge's signature*

Effective Date: _____

Jane Magnus-Stinson, District Judge
*Printed name and title*

*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00090-JMS-MJD |
| | ) | |
| | ) | |
| DAVID TAYLOR (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant David Taylor (01) has filed Motions to Reduce Sentence based on USSC Amendment 821. [143 & 150].[1] Mr. Taylor was convicted of possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm by a convicted felon. [139]. He received a sentence of 120 months on Count 1 and 144 months on Count 2, to be served concurrent for a total of 144 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [143 & 150]. The Government has filed a Response in Opposition in which it asserts that Mr. Taylor is ineligible because the amendment does not apply to him. [152].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon*

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Taylor. [144]. Counsel was later granted leave to withdraw. [147]. Mr. Taylor was afforded an opportunity to supplement his petition following the withdrawal [148], which he did [149 & 150].

*v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Taylor is ineligible for resentencing. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Indeed, this amendment applies to Mr. Taylor. As a result his criminal history points are reduced to 12 from of 13, and he is in Criminal History Category V instead of VI. His new guideline range is 168 to 210 months' imprisonment. Even so, Mr. Taylor is still not entitled to a sentence reduction.

Mr. Taylor's sentence was below the guideline range for either Criminal History Category V or VI. He was sentenced to 144 months imprisonment which is below the new guideline range. Amendment 821 prohibits the Court from reducing his sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The Amendment therefore provides Mr. Taylor no relief.

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Taylor's Motions to Reduce Sentence [143 & 150] are **DENIED**. However, a Notice of Change in Criminal History Points shall be forwarded to Mr. Taylor's warden.

  IT IS SO ORDERED.

Date: 9/11/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

By U.S. Mail to:
David Taylor
Reg. No. 32436-509
U.S. Penitentiary Terre Haute
P.O. Box 33 / Unit E-2
Terre Haute, IN 47808

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov